PER CURIAM.
The appellant, Trenton D. Clark, challenges the final order which stated that the trial court lacked jurisdiction to hear his petition for modification of child custody. We reverse.
Mr. Clark attempts to appeal the final judgment of dissolution of marriage in addition to the subsequent order finding a lack of jurisdiction in the custody modification proceeding. We have jurisdiction only over those matters from which a timely appeal was filed.
We reverse the trial court’s final order which found that it lacked jurisdiction to hear the appellant’s petition to modify custody of the parties’ minor child who lives with his mother, Laurie Loy, in Vermont. The trial court erred by stating that it lacked jurisdiction. According to section 61.1308, Florida Statutes (1991), under the circumstances of this case, the trial court “has jurisdiction” to make a custody determination. Under section 61.1316, the trial court had the discretion to “decline to exercise its jurisdiction” under the circumstances of this ease. However, instead of “declining to exercise jurisdiction” the trial court found that it “lacked jurisdiction” as to the matters involving the custody of the child.
We reverse for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and BLUE, JJ., concur.